Appeal of **HERBERT E. CLAYBURGH,**   Docket No. 1031.
**IRA KAHN, GUSTAV EP-
STEIN.**

Where members of a syndicate proportionately advanced a total of $140,000 which was intended to be and in fact was used to purchase property of a corporation, which property, when purchased, was transferred to another corporation, for which the syndicate received $240,000 in cash and preferred stock: *Held*, a purchase and sale of property in which each member of the syndicate realized a profit of the difference between the amount advanced for the purchase and the amount received from the syndicate upon sale.

Submitted January 21, 1925; decided February 10, 1925.

*F. Mandlebaum, Esq.*, for the taxpayers.

*Ward Loveless, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This is a consolidated appeal of Herbert E. Clayburgh, Ira Kahn, and Gustav Epstein involving income tax for the calendar year 1920 in the amounts of $532.88, $462.32, and $195.27, respectively. These taxpayers composed the partnership of J. Barth & Company. The additional tax asserted against each of these individuals results from an increase in his distributive share of the profits found by the Commissioner to have been received by the partnership.

Taxpayers allege in their petition that a syndicate was organized in 1920 for the purpose of acquiring $165,000 of the preferred stock of a corporation known as the Abbott-Brady Printing Corporation for $70,000; that the partnership of J. Barth & Company was to pay $8,750 as its share of the syndicate agreement and was to receive 206 shares of the preferred stock; that instead of purchasing the stock in that manner the syndicate concluded to and did purchase through the Cole-French Company, a corporation, the assets of a corporation known as the Sunset Publishing House for $140,000, which assets were transferred in September, 1920, to the Abbott-Brady Printing Corporation for $240,000 ($75,000 in cash and $165,000 preferred stock); that the partnership of J. Barth & Company contributed $17,500 as its proportion of $140,000 used to purchase the assets of the Sunset Publishing House and upon the transfer of the property to the Abbott-Brady Printing Corporation received 206 shares (par value $100 each) of the preferred stock of the Abbott-Brady Printing Corporation and $8,750 in cash as its proportion of $240,000, sales price of the property; that the partnership thereby acquired 206 shares of the preferred stock of the Abbott-Brady Printing Corporation for $8,750. It is alleged that the members of the syndicate were not interested in the purchase of the assets of the Sunset Publishing House and the sale thereof to the Abbott-Brady Printing Corporation and that the transaction in effect was a purchase by the syndicate of $165,000 (1,650 shares, par value $100 each) of the pre-

ferred stock of the Abbott-Brady Printing Corporation, which resulted in no taxable gain or profit as the stock received by J. Barth & Company was not sold within the year.

No evidence whatever was submitted by taxpayers in support of their allegations in their appeal.

From certain admissions made by the Commissioner the Board makes the following

### FINDINGS OF FACT.

(1) The taxpayers herein were members of the partnership of J. Barth & Company, owning, respectively, 32½ per cent, 35 per cent, and 32½ per cent interest therein.

(2) In 1920 the partnership, J. Barth & Company, was a member of a syndicate organized by the Cole-French Corporation, which had for its purpose the organization of the Abbott-Brady Printing Corporation. The partnership owned a one-eighth interest in this syndicate.

(3) The Abbott-Brady Printing Corporation was incorporated with an authorized capital stock of $1,000,000, divided into 10,000 shares, par value $100 each, of which number 3,000 shares were to be preferred stock and 7,000 shares were to be common stock. The purpose of this corporation was to carry on the business of printers, lithographers, and bookbinders.

(4) In the promotion and organization of the Abbott-Brady Printing Corporation the syndicate, through the Cole-French Corporation, acquired the assets of the Sunset Publishing House for $140,000 in cash contributed equally by the eight units of the syndicate.

(5) The assets acquired from the Sunset Publishing House were turned over to the Abbott-Brady Printing Corporation for $240,000, payable $75,000 in cash and $165,000 (1,650 shares) of the preferred stock of the Abbott-Brady Printing Corporation. The $75,000 in cash paid by the Abbott-Brady Printing Corporation for the aforementioned assets was obtained through the sale of certain shares of its preferred stock other than the 1,650 shares issued to the syndicate.

(6) The Commissioner determined that the transaction was a purchase and sale of property by the syndicate, and in computing the profit thereon found the market value of the preferred stock to be $100 per share.

(7) The Commissioner determined a gross profit to the syndicate of $100,000, of which amount $11,850 was found to represent the net profit to the partnership of J. Barth & Company, and this amount was included as taxable income to the respective partners (the taxpayers herein) in proportion to their interests in the partnership.

(8) It was stipulated by taxpayers that if the Commissioner was correct in his determination that the transaction constituted a purchase and sale of property by the syndicate, the profit computed by him and the tax proposed in the deficiency letters is correct.

### DECISION.

The determination of the Commissioner is approved.